COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Annunziata and
              Bumgardner
Argued at Alexandria, Virginia


FAIRFAX COUNTY DEPARTMENT
 OF FAMILY SERVICES

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1304-97-4          JUDGE ROSEMARIE ANNUNZIATA
                                          MARCH 31, 1998

LARRY NEIDIG


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                   Gerald Bruce Lee, Judge

          Louise M. DiMatteo, Assistant County Attorney
          (David P. Bobzien, County Attorney; Robert
          Lyndon Howell, Deputy County Attorney;
          Dennis R. Bates, Senior Assistant County
          Attorney; Office of the County Attorney, on
          briefs), for appellant.

          Harvey J. Volzer (William J. Schewe;
          Kilcarr & Volzer; Graham & Schewe, on brief),
          for appellee.



     Fairfax County Department of Family Services (the

Department) appeals from the decision of the circuit court

denying its petition alleging abuse and neglect by Larry Neidig

(father) of his two female children.  The Department contends on

appeal that the trial court erred in finding the evidence

insufficient to support a finding of child abuse and neglect.  We

find no error and affirm.

     On May 12, 1995, the Department filed a petition in the

Juvenile and Domestic Relations District Court of Fairfax County,

_____
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

alleging that the children had been abused and/or neglected by father. With the agreement of the parties, on July 16, 1996, the juvenile court entered a consent order finding that the children were abused and/or neglected. The matter was appealed to the circuit court where, in a trial de novo, the Department presented evidence of sexual abuse of both children entailing, in large part, repeated penile penetration of the children. Father testified briefly to the events of May 9 and 10, 1995, when the children were removed from his custody, but did not address the substance of the charges against him. Father also presented the testimony of several expert and lay witnesses and certain medical evidence relating to the alleged abuse. In reaching its decision, the trial court summarized the medical and lay evidence, noted that the medical evidence was in conflict, and concluded that the anatomical findings were not consistent with multiple penile penetration. The court ruled that the Department had not carried its burden of proof to prove sexual abuse by a preponderance of the evidence.

On appeal, this Court is required to view the evidence in the light most favorable to father, the prevailing party below, granting him all reasonable inferences fairly deducible therefrom. Logan v. Fairfax County Dept. of Human Development, 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991) (citing Farley v. Farley, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990)). Thus, any conflicts in the evidence must be resolved in favor of

father.  <u>Farley</u>, 9 Va. App. at 328, 387 S.E.2d at 795.  The evidence, so viewed, is as follows.

Dr. Robert Fay, a pediatrician, opined, to a reasonable degree of medical certainty, that his findings with respect to both children were not consistent with repeated penile penetration.  He supported his opinion with detailed explanations of the anatomical findings, including a finding that the colposcopy of the older child revealed no acute injuries and no scarring of the hymen.  He testified that she showed a nearly imperforate hymen, but that she had a whitish area in the fossa navicularis, which could easily be mistaken for scarring.  Dr. Fay also stated that the younger child showed no sign of recent or old injury, although her labia had adhered together which could mislead an examiner to suspect abuse.  He explained that some natural features of the children's genital anatomy were easily mistaken for signs of abuse.  Finally, Dr. Fay presented slides to the trial court so that the court could evaluate the medical evidence for itself.

Howard Fishman, a professor of psychiatry, testified that the children's report of sexual abuse was likely the result of a problem adjusting to the loss of their mother and separation from their loved ones.  Fishman also testified that the examiners had not taken an adequate history from the children, had not conducted any testing of the children, and had contaminated the children's memories with suggestive questioning.  Dr. Fishman

3

testified at length to specific deficiencies in the interviewing of the children, and explained how the deficiencies impacted the credibility of the children's statements.[1] Numerous witnesses testified that, during the period of the alleged abuse, the children underwent none of the changes expected in victims of sexual abuse. The children's nanny, who slept in the room next to the older child and washed the children's clothes and sheets, testified that she saw no signs of abuse. A number of witnesses who were familiar with the Neidig family testified that they had observed in the children no personality changes or other indications of sexual abuse. Another witness, acquainted with the Neidig family, testified that the older child's reputation in the community for truthfulness was bad.

A court's conclusion that a party has failed to carry its burden of proof is conclusive upon this Court as a finding of fact. Arlington Towers Land Corp. v. McFarland, 203 Va. 387, 393, 124 S.E.2d 212, 216 (1962) (citing Smith v. Board of Supervisors, 201 Va. 87, 91, 109 S.E.2d 501, 505 (1959)). The trial court's judgment, "when based on evidence heard ore tenus, will not be disturbed on appeal unless plainly wrong or without

---

[1] The Department contends that Fishman did not have sufficient information on the interviewing techniques to render an opinion. Fishman testified that he had reviewed extensive transcripts of testimony from prior proceedings, as well as reports, articles, the older child's diary, audiotapes, and videotapes. In addition, the trial court heard evidence of the interviewing techniques from the Department's witnesses, and could evaluate those techniques in the light of Fishman's testimony.

evidence to support it."  Logan, 13 Va. App. at 128, 409 S.E.2d at 463 (citing Peple v. Peple, 5 Va. App. 414, 422, 364 S.E.2d 232, 237 (1988)).  We find that the evidence is sufficient to support the trial court's decision in this case.

The Department contends that, because the children's statements were admitted under Code § 63.1-248.13:2 without objection,[2] the court erred in not finding the statements credible.  Interpretation of Code § 63.1-248.13:2 is an issue of first impression.  We find the Department's argument to be without merit.

Code § 63.1-248.13:2 does not establish a presumption, rebuttable or otherwise, that statements made by children regarding sexual acts are true.  Instead, Code § 63.1-248.13:2 provides that out-of-court statements by children are admissible

---

[2]Code § 63.1-248.13:2 provides in relevant part:

> A.  In any civil proceeding involving alleged abuse or neglect of a child . . ., an out-of-court statement made by a child the age of twelve or under at the time the statement is offered into evidence, describing any act of a sexual nature performed with or on the child by another, not otherwise admissible by statute or rule, may be admissible in evidence if the requirements of subsection B are met.
> B.  An out-of-court statement may be admitted into evidence as provided in subsection A if:
>
> \* \* \* \* \* \* \*
>
> 2.  The child's out-of-court statement is shown to possess particularized guarantees of trustworthiness and reliability.

under certain circumstances, one of which is that the statements "possess particularized guarantees of trustworthiness and reliability."  Code § 63.1-248.13:2 establishes a rule of evidence, not a substantive presumption.  As such, a court's ruling that statements are admissible under Code § 63.1-248.13:2 is a ruling only on the threshold question of admissibility and does not establish the weight to be given to the evidence.  See, e.g., Price v. Commonwealth, 18 Va. App. 760, 765, 446 S.E.2d 642, 646 (1994) (addressing the distinction between the question of admissibility and the issue of weight); 1 Charles E. Friend, The Law of Evidence in Virginia 22 (4th ed. 1993).

The trial court, as trier of fact, was entitled to consider the children's statements and the failure of father to personally deny the allegations of sexual abuse in the context of all of the admissible evidence.  Although father did not contradict the children's statements, uncontradicted statements need not be accepted as true when they are "'inconsistent with circumstances in evidence.'"  Servis v. Commonwealth, 6 Va. App. 507, 525, 371 S.E.2d 156, 165 (1988) (quoting Stegall v. Commonwealth, 208 Va. 719, 722, 160 S.E.2d 566, 568 (1968)).

Contrary to the Department's contention that the court found that the medical evidence was in equipoise, the court found that the medical evidence was "susceptible to multiple interpretations and it does not preponderate in the favor of a finding of abuse."  The trial court concluded that the anatomical findings were not

"consistent with multiple penile penetration."

Furthermore, although Dr. Fay's testimony that the children showed no medical signs of abuse conflicted with expert testimony presented by the Department to the contrary, the trial court had the discretion to credit Dr. Fay's opinion over that of the expert presented by the Department. The trial court, as finder of fact, may determine the weight to be given to an expert's opinion. Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668-69 (1997) (en banc). Where experts offer conflicting testimony, it is within the discretion of the trial court to select either opinion. Rowe v. Rowe, 24 Va. App. 123, 140, 480 S.E.2d 760, 768 (1997) (citing Reid v. Reid, 7 Va. App. 553, 563, 375 S.E.2d 533, 539 (1989)).

Finally, the Department argues that the trial court erroneously concluded that both children had been present for some interviews. In explaining its decision, the trial court stated, "there's evidence that during some of [Dr. Lindahl's] interviews both children were present when either child was giving substantive information about the alleged allegations of sexual contact." Dr. Lindahl described at least one interview at which both children were present, and a second interview in which one child entered the interview room after hearing the other child yelling, as well as related statements made in her presence by one child to another regarding sexual abuse by father. In light of this testimony, the trial court did not err in finding

7

that both children were present at some interviews.

Fundamentally, the Department asks us to substitute our judgment for that of the trial court; this Court is specifically not permitted to do so. Waldrop v. Commonwealth, 23 Va. App. 614, 626, 478 S.E.2d 723, 728 (1996) (citing Cable v. Commonwealth, 243 Va. 236, 239, 415 S.E.2d 218, 220 (1992)). Applying the principles of review which are applicable here, we find that the trial court acted within its discretion in finding that the children's statements, taken in the context of the medical evidence, the lay witness testimony, and the criticism of the techniques used in questioning the children, did not compel a finding by a preponderance of the evidence that father had sexually abused the children. The Department has not shown that the decision of the trial court was plainly wrong or an abuse of discretion, and we will not substitute our judgment for that of the trial court. Id. For these reasons, we affirm.

Affirmed.

8