COURT OF APPEALS OF VIRGINIA

Present:   Judges Benton, Humphreys and Senior Judge Overton

S.V.R.

                                                    MEMORANDUM OPINION*
v.        Record No. 0073-04-1                           PER CURIAM
                                                    SEPTEMBER 21, 2004
HAMPTON DEPARTMENT
 OF SOCIAL SERVICES


                FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                         Wilford Taylor, Jr., Judge

          (Fred C. Hardwick, II; Eusner & Hardwick, P.C., on brief), for
          appellant.

          (Lesa J. Yeatts, Deputy City Attorney; M. Woodrow Griffin, Jr.,
          Guardian *ad litem* for the minor child, on brief), for appellee.


        S.V.R. contends the evidence was insufficient to support the trial judge's finding that her

infant son was abused or neglected or at risk of being abused or neglected.  Upon reviewing the

record and the briefs, we conclude that this appeal is without merit.  Accordingly, we summarily

affirm the decision of the trial court.  Rule 5A:27.

                                         Background

        S.V.R. was eighteen years old and in foster care when she gave birth to a son in February

2003.  Three months later, the child was in foster care as a result of a founded case of abuse

following a diagnosis of Shaken Baby Syndrome committed by an unknown abuser.  S.V.R.

regained custody of the child in August 2003, subject to a protective order forbidding direct or

indirect contact between the child and Duane Dickinson, the boyfriend of S.V.R.  Joy Brown, a

foster care worker, testified she discussed the terms of the protective order with S.V.R. and

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

S.V.R. indicated she understood the order.  S.V.R. and the child were placed in an independent living home approved by the Hampton Department of Social Services.  Pam Kendal-Daiber, a child protective services worker, learned in September 2003 that S.V.R. had been away from her independent living home for several days.  S.V.R. admitted to Kendal-Daiber that she had returned to the apartment she had shared with Dickinson and that Dickinson may have "seen" the child, but also said Dickinson did not touch the child.

The Department obtained custody of the child and filed a petition for his removal from S.V.R.'s care, alleging a high risk of further abuse.  At the hearing, Dickinson testified that he and S.V.R. lived together in an apartment prior to July 2003.  He also testified that S.V.R. returned to the apartment on one occasion after the protective order was entered in order to retrieve personal items she had left there.  Dickinson testified, however, that he had not seen the child since May 2003.

The trial judge specifically found that he did not accept Dickinson's testimony.  He also found that S.V.R.'s violation of the protective order established neglect.  S.V.R. appeals the trial judge's decision, which ordered the child to the custody of the Department.

Analysis

S.V.R. argues that the evidence was insufficient to prove by a preponderance that the child was abused or neglected, as defined by Code § 16.1-228.  This argument is without merit.

"The burden of showing something by a preponderance of the evidence, the most common standard in the civil law, simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence . . . ."  Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal., 508 U.S. 602, 622 (1993) (citations and internal quotation marks omitted).  The trial court's judgment, "when based on evidence heard *ore tenus*, will not be disturbed on appeal unless plainly wrong or without evidence to support it."  Peple v.

Peple, 5 Va. App. 414, 422, 364 S.E.2d 233, 237 (1988). On appellate review, "[a] trial court is presumed to have thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests." Farley v. Farley, 9 Va. App. 326, 329, 387 S.E.2d 794, 796 (1977).

Code § 16.1-228(1) defines a neglected child as any child:

> Whose parents or other person responsible for his care creates or inflicts, threatens to create or inflict, or allows to be created or inflicted upon such child a physical or mental injury by other than accidental means, or creates a substantial risk of death, disfigurement or impairment of bodily or mental functions . . . .

Under the statute, and the case law interpreting it, the child need not suffer actual harm or impairment. See Jenkins v. Winchester Dep't of Soc. Servs., 12 Va. App. 1178, 1183, 409 S.E.2d 16, 19 (1991) (holding that the "statutory definitions of an abused or neglected child do not require proof of actual harm or impairment having been experienced by the child"). Accordingly, the term "substantial risk" speaks *in futuro*. See id.

The trial judge did not believe Dickinson's testimony that he had not seen the child after the entry of the protective order. The judge found that "[t]he mother's behavior disputes his denials." According to well established standards "[t]he credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). The trial judge found that the child had been in the presence of Dickinson in violation of the protective order and that by permitting this to occur the child suffered further neglect or abuse. Based on the evidence presented, we cannot say that the trial judge's finding was plainly wrong.

Accordingly, we summarily affirm the trial judge's decision.

Affirmed.