**Richmond**

KATHERINE S. PEPLE

v.

LOWNDES PEPLE, III

Nos. 1008-86 and 1259-86

Decided January 19, 1988

COUNSEL

Andrew W. Wood (Wood and Wood, on brief), for appellant.

Donald W. Lemons (McCarthy, Durrette and Davenport, P.C., on brief), for appellee.

OPINION

**KOONTZ, C.J.** — In this child custody case the following issues are raised: (1) whether in modifying a prior order of the juvenile court, the circuit court was required to conduct a *de novo* hearing or apply a "change in circumstance" test, and (2) assuming the circuit court applied the correct standard, whether the evidence was sufficient to warrant a modification of the existing custody order. For the reasons stated below, we affirm the decision of the trial court.

Katherine and Lowndes Peple separated on September 2, 1983, after an eight year marriage to which one child, a son, Lowndes IV, was born. At the time of the separation, this child was four years old. On September 8, 1983, Lowndes filed a bill of complaint in the circuit court seeking a divorce on the ground of Katherine's desertion. In her answer Katherine admitted her desertion. Both parties sought custody and support for the child.

On September 24, 1983, the juvenile court entered an order granting custody of the child to Katherine and reasonable and liberal visitation rights to Lowndes.[1] No appeal was filed by Lowndes

---

[1] The record does not contain this order. In this appeal, however, the parties have stipulated that it was entered and was a valid order. We note that, for the reasons ex-

from this order. On October 18, 1984, the circuit court entered an order directing the juvenile court authorities to prepare a background and custody investigation and to report the results of that investigation to the circuit court. A report was apparently prepared and filed; however, no custody hearing was held in the circuit court prior to the entry of the final decree of divorce on May 29, 1985. That decree granted Lowndes a final divorce on the ground of Katherine's desertion. It specifically recited the following findings: Lowndes had requested an *ore tenus* hearing on the issue of custody; the September 24, 1983 juvenile court order was continued in full force and effect; and the issue of custody was continued on the docket of the circuit court.[2] Subsequently, in March 1986, the circuit court conducted an extensive *ore tenus* hearing lasting several days. On July 21, 1986, the court entered an order granting the custody of the child to Lowndes. Thereafter, by order entered on September 4, 1986, the circuit court granted Katherine specific reasonable and liberal visitation rights. By order entered on October 9, 1986, the court directed that Katherine pay $200 monthly child support.

On appeal, Katherine contends that the proper standard to be applied under the facts of this case was the "change in circumstance" test enunciated in *Keel v. Keel*, 225 Va. 606, 303 S.E.2d 917 (1983). Under that test she correctly contends that Lowndes would have had the burden of showing first, a change in circumstance since the juvenile court awarded custody to her in September, 1983, and, second, that a change in custody would be in the best interests of the child. She asserts that because no material change in circumstance was shown, the circuit court, in fact, applied a *de novo* standard and thus deprived her of the presumption of correctness of the prior custody award. On this issue, Lowndes contends that while conducting a *de novo* hearing would have been proper, the circuit court actually applied the "change in cir-

plained in this opinion, the circuit court had not assumed jurisdiction over the issue of custody at the time this order was entered in 1983.

    [2] Neither party contends that these provisions of the final decree of divorce constituted a temporary award of custody by the circuit court. No evidence was presented to the circuit court on the issue of custody and these provisions were considered merely as a continuance and preservation of the issue of custody which was to be determined at a later hearing in the circuit court. Accordingly, we do not treat these provisions as constituting a *pendente lite* order and express no opinion as to the standard to be applied at a hearing on the merits subsequent to the entry of such an order in the circuit court.

cumstance" test which imposed a higher burden of proof upon him and, accordingly, the circuit court did not err.

The record in this case does not definitively reveal the procedural standard that the chancellor applied. However, he specifically concerned himself with the proper procedural standard to apply, and from his comments we conclude that he applied the "change in circumstance" test rather than the *de novo* standard. For the reasons that follow, we conclude that the "change in circumstance" test was proper, and because it imposed a higher burden of proof upon Lowndes, we must consider the merits of Katherine's appeal using that test.

We turn now to our analysis of the procedural standard applicable to custody disputes in the circuit court between natural parents under the facts of this case. In Virginia, custody disputes may be resolved in the juvenile and domestic relations district courts or the circuit courts. These courts are granted concurrent jurisdiction by Code §§ 16.1-241(A)(3) and 16.1-244. Generally, under this statutory scheme, the juvenile courts have exclusive original jurisdiction in custody cases unless and until the circuit courts assume jurisdiction. The circuit courts may assume jurisdiction either by an appeal from the juvenile courts or by the direct filing of an appropriate proceeding in the circuit courts. The procedural standard to be applied in the circuit courts is dictated by the manner in which those courts assume jurisdiction.

On September 24, 1983, when the juvenile court entered the award of custody to Katherine, Code § 16.1-244(A) contained the following provision:

> [W]hen a circuit court shall have taken jurisdiction [to determine custody] *by entry of an order* relating to custody . . . the juvenile and domestic relations district courts shall be divested of such jurisdiction.

(1982 Repl. Vol.)(emphasis added).

Code § 16.1-244(A) was amended in 1984, 1985 and 1987 and now provides in pertinent part:

> However, *when a suit for divorce has been filed in a circuit court* and the custody, guardianship, visitation or support of

children of the parties or spousal support is at issue, the juvenile and domestic relations district courts shall be divested of the right to enter any *further decrees or orders* and such matters shall be determined by the circuit court . . . . Nothing in this section . . . shall deprive the juvenile and domestic relations district courts of the jurisdiction *to enforce its orders prior to the order of any circuit court* . . . .

(1987 Cum. Supp.)(emphasis added).

■ Clearly, before the amendments to Code § 16.1-244(A), in this case the juvenile court had jurisdiction to enter a valid custody award because the circuit court had not *entered an order* divesting the juvenile court of jurisdiction.[3] After these amendments, the filing of a suit for divorce in which custody is an issue divests the juvenile court of jurisdiction to enter further orders; however, the juvenile court may enforce its *prior* orders until the circuit court enters an order relating to custody. Code § 16.1-244(A) has never specifically stated the appropriate procedural standard to be applied in a circuit court hearing following a prior juvenile court order.

■ It is also clear that the circuit court must conduct a *de novo* hearing in custody cases on appeal from the juvenile courts. Code §§ 16.1-136, 16.1-296. "[A]n appeal to the circuit court from a court not of record under Code § 16.1-136 annuls the judgment of the inferior tribunal as completely as if there had been no previous trial . . . . [S]uch a trial *de novo* in the circuit court grants to a litigant every advantage which would have been his had the case been tried originally in such court." *Box v. Talley*, 1 Va. App. 289, 292, 338 S.E.2d 349, 351 (1986)(quoting *Walker v. Department of Public Welfare*, 223 Va. 557, 563, 290 S.E.2d 887, 890 (1982)). In an appeal to the circuit court, the "advantage" granted to the noncustodial parent is simply the avoidance of the additional burden of proof imposed by the change in circumstance test; in the *de novo* appeal, the issue is simply what is in the best interests of the child. Accordingly, the procedural distinction be-

---

[3] We note that, pursuant to the amendments of this Code section, the filing of the suit for divorce prior to the entry of a custody order by the juvenile court would have divested the juvenile court of its concurrent jurisdiction. Consequently without an order of reference to the juvenile court by the circuit court the issue in this case would not have occurred.

tween an appeal under Code § 16.1-136 and a divestiture of further jurisdiction in the juvenile court by operation of Code § 16.1-244(A) is significant and perhaps controlling in most cases. Under our statutory scheme we believe this distinction is intentional and consistent with and conducive to the best interests of children who are the subjects of custody disputes between their natural parents, the protection of parental rights, and, less significantly, with the notion of judicial economy.

We turn now to Lowndes' position in this appeal that the circuit court should have conducted a *de novo* hearing and that our Supreme Court's decision in *Harper v. Harper*, 217 Va. 477, 229 S.E.2d 875 (1976) is controlling. Lowndes' reliance on *Harper* is misplaced. In *Harper*, the juvenile court awarded custody of the child to the father and the mother appealed that decision to the circuit court. The appeal was never heard, but the mother proceeded to seek custody of the child in the *same* circuit court in which she sought a divorce. Under those circumstances, the Supreme Court held that "the only burden on Mrs. Harper, as the moving party, was to show that she was a fit parent and that, since Harper (her husband) was also fit, other things were equal between them." *Id.* at 479, 229 S.E.2d at 876. In *Harper*, the Court specifically reaffirmed its holding in *Dyer v. Howell*, 212 Va. 453, 184 S.E.2d 789 (1971), that "where the *unchallenged* order of a juvenile court remains in effect . . . the burden is on a parent who seeks to change the custody to show that circumstances have so changed that the best interests of the child require the transfer." 217 Va. at 479, 229 S.E.2d at 876. In finding that the juvenile court order was "challenged" by the filing of the suit for divorce, even though the appeal was not heard, we do not believe the Court in *Harper* painted with as wide a brush as Lowndes would have us accept in this appeal. Essentially, he argues that by filing his divorce suit prior to the entry of the juvenile court order he had "challenged" that order from the outset. Consequently, an appeal was unnecessary to ensure a *de novo* hearing in the circuit court. We disagree. Unlike the present case, in *Harper* an appeal was in fact noted and the *same* circuit court to which the appeal was taken resolved the same issue in the divorce proceeding. No prejudice to the parties resulted and judicial economy was achieved. While we hold that *Harper* is not controlling in this case, we believe the procedural result in *Harper* is consistent with the case law and the statutory scheme of concurrent jurisdic-

tion and appeals involving the juvenile and circuit courts in child custody cases.

When a court of competent jurisdiction has entered a valid custody order in favor of one parent, the parent seeking to obtain a transfer of custody has the burden to show a change in circumstances since the most recent custody award and that a change in custody would be in the best interests of the child. *See Keel*, 225 Va. at 611, 303 S.E.2d at 921; *Turner v. Turner*, 3 Va. App. 31, 34, 348 S.E.2d 21, 22 (1986). This rule has its roots in the obvious benefits of providing stability in the life of the child whose custody is the subject of the conflict between the parents. Where the prior order is entered by the juvenile court and appealed to the circuit court, the appeal must be noted within ten days. Accordingly, the juvenile court order is temporary at best and never seasons into an existing order with any realistic hope of creating stability for the child. *See* Code § 16.1-132. The same rationale is applicable to the effect of the resolution of concurrent jurisdiction under the provisions of Code § 16.1-244(A) as it read prior to and subsequent to its amendments beginning in 1984. The divestiture of jurisdiction in the juvenile court simply provides for an orderly transfer of concurrent jurisdiction to the sole jurisdiction of the superior circuit court. When this custody dispute commenced that divestiture of jurisdiction occurred when an order was entered in the circuit court. After the amendments to Code § 16.1-244(A) that divestiture of jurisdiction occurs when a suit for divorce in which custody is at issue is filed in the circuit court. Under the current statute, the prior orders of the juvenile court are enforceable by that court until the circuit court enters a custody order. Unlike an appeal, the divestiture provisions of Code § 16.1-244(A) do not annul the judgment of the juvenile court as if no previous hearing occurred. Rather the judgment of the juvenile court remains in full force and effect until modified by the circuit court to which jurisdiction has been transferred. In modifying the prior order, the procedural standard to be applied is the "change in circumstances" test which affords the benefit of stability to the child. It further ensures an orderly administration of the judicial process in both levels of courts with concurrent jurisdiction in these cases in which natural parents regrettably too often find themselves.

Under this analysis, we hold that *Harper* is not applicable under the facts of this case. The mere filing of a divorce suit by Lowndes prior to participating in the subsequent juvenile court proceeding did not sufficiently "challenge" the juvenile court order to relieve him of meeting the extra burden of proof imposed by the "change in circumstances" test. At that time, Code § 16.1-244(A) did not include a provision which divested the jurisdiction of the juvenile court by the filing of the suit for divorce. Consequently, the juvenile court retained jurisdiction to enter a valid custody award. Lowndes' remedy was to appeal from the juvenile court order and, thereby, to secure the procedural benefit of a *de novo* hearing in the circuit court or to establish a "change in circumstances" in the subsequent circuit court hearing. Having concluded that the circuit court applied the "change in circumstances" test, we find no error in the procedure followed.

■ We turn now to the issue whether the evidence was sufficient to warrant a change in custody from Katherine to Lowndes using the "change in circumstances" test. Under familiar principles, we review the evidence in the light most favorable to Lowndes as the prevailing party below. *See Turner*, 3 Va. App. at 34, 348 S.E.2d at 22. The judgment of a trial court sitting in equity, when based on evidence heard *ore tenus*, will not be disturbed on appeal unless plainly wrong or without evidence to support it. *Carter v. Carter*, 223 Va. 505, 508-09, 291 S.E.2d 218, 220 (1982); *Simmons v. Simmons*, 1 Va. App. 358, 361, 339 S.E.2d 198, 199 (1986).

The record clearly supports the conclusion that neither parent is unfit or unwilling to properly care for the child. The chancellor found proof of a change in circumstances from Lowndes' more active participation in the child's daily activities and Katherine's current employment obligations which rendered her schedule less suitable than Lowndes' in attending to the child's daily needs. We believe this evidence satisfies the first prong of the *Keel* test and establishes a material change in circumstances.

■ The second prong of the *Keel* test, concededly the more important and more difficult to apply, is whether a change in custody from Katherine to Lowndes would be in the best interests of the child. "[T]here is no simple, mechanical, 'cut and dried' way to determine whether a change in custody will be in the best interests of children. Yet, the trial court is bound to consider evidence

sufficient to allow it to make a rational comparison between the circumstances of the two parents as those circumstances affect the children." *Keel*, 225 Va. at 613, 303 S.E.2d at 922. "Making such a comparison requires an analysis to determine which parent is better qualified to provide the highest quality of care to the child and which home will provide the child with the greatest opportunity to fulfill his or her potential." *Turner*, 3 Va. App. at 36, 348 S.E.2d at 23.

In *Turner*, we noted: "[T]he trial court must recognize that all children are unique to some degree and that the circumstances of their divorced parents are unique to some degree. Consequently, the court['s] . . . paramount concern [is] the best interests of the child at a given point in time, recognizing that it may become appropriate to make a change in the future." *Id.* at 36, 348 S.E.2d at 23-24. We will not detail all of the evidence produced before the circuit court in this case. The chancellor conducted an extensive *ore tenus* hearing and questioned witnesses on points with which he was concerned. The record overwhelmingly supports his conclusion that Lowndes had become an exceptionally attentive parent, actively involved in the physical, mental and religious guidance of the child. The child was well-adjusted and responding appropriately to this guidance. Katherine, while a loving and fit parent, was more occupied by her employment and not able to provide the same quality of care. The judgment of the circuit court is not plainly wrong and is supported by the evidence in the record. Accordingly, we affirm the award of custody to Lowndes.

Finally, while Katherine appealed the circuit court's award of child support, she has not pursued this issue in her brief or in oral argument. The record contains adequate evidence of the needs of the child and her ability to contribute financially towards the satisfaction of those needs. Accordingly, we find no abuse of the chancellor's discretion in setting the award of child support in this case.

*Affirmed.*

Benton, J., concurred.

Baker, J., concurring

While concurring with the result reached by the majority, I would hold that the *ore tenus* hearing conducted after the divorce decree was entered should have been conducted as a *de novo* proceeding, and that the change of circumstance principle was not applicable. I am unable to find any language in the Code sections cited by the majority to support a legislative intent to deprive circuit courts of their power to make independent determinations in custody matters unencumbered by a prior decision of a juvenile and domestic relations district court (district court).

I respectfully disagree with the majority's assertion that the record fails to show that prior to the *ore tenus* hearing the circuit court had not entered an order "relating to custody" which divested the district court of further jurisdiction. While in a footnote the majority asserts that no evidence was presented to the circuit court on the issue of custody, in its opinion the majority notes that at the time the divorce decree was entered the circuit court had before it a background report received pursuant to its order of October 18, 1984.[1] With this report in hand the divorce decree entered by the circuit court prior to the *ore tenus* hearing ordered "that the prior order of the Juvenile and Domestic Relations District Court . . . be continued in full force and effect . . ." and continued the cause on the circuit court's docket for a subsequent *ore tenus* hearing as requested by husband. The circuit court did not make that custody order in a vacuum. When ordering the maintenance of the status quo while postponing the *ore tenus* hearing, the circuit court was in possession of sufficient information, at the very least the background report, to make a temporary ruling concerning custody of the infant child. The most reasonable and logical interpretation of the circuit court's action is that when entering the divorce decree the court recognized that a custody provision should be made; that its review of the matter, which included the background report, satisfied the court that no harm would befall the child if it temporarily remained with its mother (wife); that husband was entitled to a full *ore tenus* hearing as requested; and that it would be reasonable to maintain the status quo until the circuit court's docket would permit such hear-

---

[1] Even if there had been no evidence, the time honored rule is that error is not presumed. Moreover, no objection to the decree was made on the ground of lack of evidence to support it.

ing. This process and the language in the decree clearly constitute a temporary custody decree which deprived the district court of any further jurisdiction; thus, the circuit court was entitled, indeed required, to conduct a *de novo* review unencumbered by the prior order of the district court.

Further, in the footnote referred to above, the majority declares that neither party contends that the provisions relating to custody contained in the divorce decree constitute a temporary custody decree, and for the reason stated declines to consider those provisions as constituting a *"pendente lite"* decree. In such matters, by intent or oversight, parties may neither bestow nor deprive courts of their jurisdiction. This is not a matter of failure to preserve a point or comply with a rule. It is a matter of our duty to review the record and determine the issue submitted. To make that determination, I suggest we first ask what authority was possessed by the district court to change custody from wife to husband after the circuit court entered the divorce decree containing a provision which ordered that the district court custody order remain in full force and effect pending an *ore tenus* hearing. In my view the answer is that the district court possessed no such authority because the circuit court's order contained in the divorce decree deprived the district court of further jurisdiction.

I am of opinion that by the reference to custody in the divorce decree the circuit court assumed jurisdiction of all matters relating to custody; therefore, the district court was without authority to alter custody or exercise control over the parties concerning that issue.

Having deprived the district court of jurisdiction, the *ore tenus* hearing should have been conducted, *de novo*; thus the ultimate question to be answered is whether this record discloses an abuse of the discretionary powers possessed by the circuit court in matters of custody. I agree with the majority that the record clearly supports the judgment of the trial court and its judgment should be affirmed.