COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Benton and Bray
Argued at Richmond, Virginia


JAMES B. MONTGOMERY
                                        MEMORANDUM OPINION[*]
v.        Record No. 2555-96-2     BY JUDGE JOSEPH E. BAKER
                                          JULY 15, 1997
PATRICIA TALBOT


            FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                     William R. Shelton, Judge

            Ronald S. Evans (Jay O. Millman; Brenner,
            Dohnal, Evans & Yoffy, P.C., on brief), for
            appellant.

            No brief or argument for appellee.


        In this appeal from the Circuit Court of Chesterfield County

(trial court), the controlling issue presented is whether the

trial court erred in holding that it was in the best interests of

the children of James B. Montgomery (father) and Patricia Talbot

(mother), formerly husband and wife, that custody of the parties'

minor children "shall be shared jointly by the parties consistent

with the previous arrangements of the parties as to physical

custody."

        The father and mother were divorced by decree entered in the

trial court on August 28, 1989.  At that time the children were

ages five and three.[1]  The divorce decree approved an agreement

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

[1]The children are James B. Montgomery, III, born on May 12,
1984, and Mae Ann Collins Montgomery, born March 28, 1986.

(PSA) made on September 19, 1988 wherein the parties agreed to

"split custody" of the children as follows:

> Unless modified by mutual agreement after consultation with the children, physical custody shall be vested in each of the parties on alternating weekends beginning 8:00 a.m. on Saturday and ending 8:00 a.m. on Monday.  Holidays shall also be alternated but, to the extent mutually agreed to, shall be included as part of the general weekend visitation.  At Christmas both children shall spend Christmas Eve with one parent and Christmas Day with the other, with other Christmas holiday arrangements to be by mutual agreement.
>
> Physical custody during normal weekdays shall be as follows:
>
> a.  8:00 a.m. Monday through 8:00 a.m. Tuesday, and 8:00 a.m. Wednesday through 8:00 Thursday with [father];
>
> b.  8:00 a.m. Tuesday through 8:00 a.m. Wednesday, and 8:00 a.m. Thursday through 8:00 a.m. Friday with [mother]; and
>
> c.  8:00 a.m. Friday through 8:00 a.m. Saturday [father] and [mother] each have one child on an alternating basis.

On November 20, 1989 the parties executed an addendum to the September 19, 1988 PSA which, in relevant part, provided that in lieu of the custody provisions in the former agreement, physical custody should be as follows:

> 1. Custody:  With respect to page 4, paragraph 8 of the [PSA], and in lieu of the language contained therein, the following physical custody schedule shall apply:
>
> a)  Monday and Tuesday with [mother]; 7:30 a.m. pickup on Tuesday by [mother] when applicable
>
> b)  Wednesday and Thursday with [father]
>
> c)  Friday, Saturday and Sunday alternated between [mother] and [father].
>
> The following holiday schedule shall replace the previously stated holiday schedule in the [PSA]:
>
> a)  Thanksgiving vacation period:  from

> Thanksgiving Day through subsequent Sunday,
> with one parent and alternating thereafter.
> Effective 1989, this vacation period with
> [father]
>     b) Christmas vacation period: Christmas
> Eve with one parent; Christmas Day from 12:00
> noon through return to school with other
> parent and alternating thereafter. Effective
> 1989, this vacation period with [father]
>     c) Easter/Spring vacation period: this
> vacation period shall correspond with the
> public school spring break. Effective 1990,
> this vacation period with [mother], and
> alternating thereafter.
>     d) Memorial Day: effective 1990, with
> [father] and alternating thereafter
>     e) July 4: effective 1990, with [mother]
> and alternating thereafter
>     f) Labor Day: effective 1990, with
> [father] and alternating thereafter.

The record is unclear; however, it appears that the addendum was submitted to the juvenile and domestic relations district court (district court) and approved.

On August 8, 1995,[2] both father and mother, among other things, requested the district court to eliminate the split custody requirement and direct where the children would be required to attend school. On October 18, 1995, the district court held:

> 1. Custody of the said children shall be
> shared jointly by the parties consistent with
> the previous arrangements of the parties as
> to physical custody.
> 2. James B. Montgomery, III, shall
> continue to attend Dinwiddie Public Schools.
> 3. Mae Ann Montgomery shall attend
> Dinwiddie Public Schools unless father elects
> to enroll her at St. Joseph's School at his
> own voluntary expense. It is expressly

---

[2]At that time, the children were eleven and nine years of age.

- 3 -

ORDERED that such expense is to be a voluntary one by father alone and one which shall not be deducted from any child support obligations of father. Said election is to be made on or before August 18, 1995.

And all other motions of the parties are dismissed, there having been no evidence presented for the Court's consideration thereof.

Mother appealed the district court findings to the trial court. When the matter came before the trial court, the children's ages were twelve and ten. Mother resided in Dinwiddie County, and father resided in Chesterfield County. In a letter dated August 22, 1996, the trial court ruled as follows: "The Court will adopt the ruling of the [district court], as its ruling." Father appealed the trial court's ruling to this Court.

In an appeal from a decision of the juvenile and domestic relations district court to the circuit court, the matter must be heard de novo. See Peple v. Peple, 5 Va. App. 414, 425, 364 S.E.2d 232, 239 (1988) (Baker, J., concurring). It is clear from the trial court record that both parents complied with all previous decrees concerning custody; that father and mother, from their custodial experience, concluded that it would be in the best interests of the children to eliminate the split custody arrangement; and that the evidence supported the parents' desire to discontinue the split custody requirement and to have the trial court determine what change would be in the children's best interests. The record discloses that the children suffered under the arrangement that required their mid-week transfer from one

parent's home to the other.  There is no evidence to the contrary.

Because the record fails to show evidence sufficient to support the trial court's decision, we reverse and remand this case to the trial court with direction that it hear such further evidence relating to the best interests of the children and render a decision in accord therewith.

<u>Reversed and remanded.</u>