COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Humphreys and Senior Judge Overton


WAKI LEWIS, SR.

                                       MEMORANDUM OPINION[*]
v.    Record No. 2832-02-2                 PER CURIAM
                                        AUGUST 12, 2003
FREDERICKSBURG DEPARTMENT OF
 SOCIAL SERVICES


        FROM THE CIRCUIT COURT OF THE CITY OF FREDERICKSBURG
                  John W. Scott, Jr., Judge

           (Timothy W. Barbrow, on brief), for appellant.

           (Joseph A. Vance, IV, on brief), for appellee.

           (Thomas Y. Savage, on brief), Guardian ad litem
           for the minor children.


      Waki Lewis, Sr. contends the evidence was insufficient to

support the trial judge's finding that his children were neglected

pursuant to Code § 16.1-228.  Upon reviewing the record and

briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the decision of the

trial court.  See Rule 5A:27.

                          Background

      At trial, on Lewis's appeal to the circuit court from an

order of the juvenile court finding that Lewis's children were

neglected, the evidence proved one parent remained in the van with

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

the children while the other parent entered the bank "and uttered a forged instrument." The "parties stipulated that [Lewis's] criminal act . . . took place while the children were in a van in the parking lot." The police arrested Lewis and children's mother at the bank. Upon the parents' arrest, the Fredericksburg Department of Social Services assumed custody of the children. Lewis later pled guilty to uttering in violation of Code § 18.2-172. The trial judge found "that the children were without parental consent caused by the unreasonable absence of [Lewis]."

## Analysis

"In matters of a child's welfare, trial courts are vested with broad discretion in making the decisions necessary to guard and to foster a child's best interests." Farley v. Farley, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990). The trial court's judgment, "when based on evidence heard ore tenus, will not be disturbed on appeal unless plainly wrong or without evidence to support it." Peple v. Peple, 5 Va. App. 414, 422, 364 S.E.2d 232, 237 (1988).

Code § 16.1-228 defines an "[a]bused or neglected child" to include any child "5. Who is without parental care or guardianship caused by the unreasonable absence or the mental or physical incapacity of the child's parent." Lewis contends, however, that Cain v. Commonwealth, 12 Va. App. 42, 402 S.E.2d 682 (1991), supports the proposition that his arrest and

-

subsequent incarceration alone may not be determinative of a finding of neglect. We disagree.

Our holding in Cain addressed the termination of Cain's residual parental rights pursuant to Code § 16.1-283, following her arrest and conviction for robbery. 12 Va. App. at 46, 402 S.E.2d at 684. We explained that "[i]ncarceration alone does not meet th[e] evidentiary requirements" to terminate residual parental rights, id. at 44, 402 S.E.2d at 683, and we emphasized that Code § 16.1-283(C) also "requires that 'reasonable and appropriate'" rehabilitative assistance be offered so that in a reasonable amount of time the parent can substantially remedy the conditions that led to the placement of the child. Id. at 45-46, 402 S.E.2d at 684. Unlike in Cain, this proceeding does not implicate termination of parental rights. The Commonwealth did not attempt to alter father's parental rights under Code § 16.1-283.

This was a proceeding brought to obtain an emergency removal order pursuant to Code § 16.1-251. Thus, the issue Lewis presents is "whether [his] absence constituted neglect when his unavailability was due to the actions of the police in taking [him] into custody." Accordingly, we need only decide whether sufficient credible evidence supports the trial judge's finding that the children were neglected as defined in Code § 16.1-228. The evidence proves Lewis drove his family to a location where he and his wife intended to and did commit a felony. Police

-

arrested both parents at the bank and took them to jail.  The Department took custody of the children.  The trial judge refused to accept the assertion that the police, rather than father, caused his "unreasonable absence" and caused the children to be "without parental care."  The trial judge's findings are not plainly wrong.

Accordingly, we summarily affirm the judgment.

<u>Affirmed.</u>