COURT OF APPEALS OF VIRGINIA

Present:   Judges Benton, Haley and Senior Judge Coleman

TINA BUCHANAN

MEMORANDUM OPINION[*]
v.      Record No. 2318-06-3            PER CURIAM
JANUARY 30, 2007
BEDFORD COUNTY DEPARTMENT
 OF SOCIAL SERVICES


FROM THE CIRCUIT COURT OF BEDFORD COUNTY
James W. Updike, Jr., Judge

(Linda G. Willis; R. Louis Harrison, Jr., Guardian *ad litem* for
appellant; R. Louis Harrison, Jr., P.C., on brief), for appellant.
Appellant submitting on brief.

(J. G. Overstreet; Patrick J. Skelley, II, Guardian *ad litem* for the
infant child, on brief), for appellee.  Appellee and Guardian
*ad litem* submitting on brief.


Tina Buchanan appeals from the trial judge's decision terminating her residual parental

rights to her minor child pursuant to Code § 16.1-283(C)(2).  Buchanan contends her mental health

has improved and she wants to care for her son.  Accordingly, she argues the trial judge erred in

terminating her rights.  We disagree and affirm.

BACKGROUND

We view the evidence in the light most favorable to the prevailing party below and grant

to it all reasonable inferences fairly deducible therefrom.  See Logan v. Fairfax County Dep't of

Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991).  So viewed, the evidence

proved Buchanan's child was born on October 8, 2004.  At birth, the child was diagnosed with

severe medical problems requiring care in the hospital's neonatal intensive care unit.  Buchanan,

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

who was diagnosed with bipolar schizophrenia, schizophrenia with delusional episodes, and alcoholism in the years prior to the child's birth, refused consent for necessary medical procedures for the child. Bedford County Department of Social Services obtained custody of the child a month after his birth.

Jesse Jay initially supervised Buchanan's visits with the child after the Department obtained custody. Jay testified Buchanan was angry with hospital staff, believed the child was misdiagnosed, and did not touch or interact with the child during the visits. Jay testified Buchanan admitted to him that she had not been compliant with her medications. During one visit, the hospital staff called security because Buchanan was confrontational with them.

The Department's goal in the initial foster care plan was to return the child to Buchanan's home. As part of the plan, Buchanan was required to have a substance abuse evaluation, medication management, individual counseling, adequate financial resources, adequate housing, a psychological assessment, acute psychiatric care, and parent training for a special needs child. Brian Fariss, a foster care worker, testified, however, Buchanan had "rapid cycling series of housing" and, during at least two periods of time, Buchanan did not inform him of her residence. After Buchanan voluntarily entered Western State Hospital in August 2005, Fariss noticed she had a flat effect and seemed detached during her visits with the child. During one visit, Buchanan became angry when she failed to asperate the child after being prompted to do so. She gave the child to a nurse, called the police, and incorrectly reported the child was having seizures.

When the foster care review occurred on August 5, 2005, Buchanan had only completed the psychological evaluation. A psychological report showed that Buchanan had multiple axis II disorders. The evidence established there were no known treatment modalities for this diagnosis. The evidence also proved Buchanan had missed three meetings convened by the family

assessment and planning team.  In August 2005, Buchanan was still unemployed and without a permanent residence.

Jennifer Hooper, a social worker, testified Buchanan moved into a residence that was not suitable for the child because it lacked air conditioning, which was required because the child is unable to properly cool himself due to his medical conditions.  The residence also was infested with roaches.  Hooper further testified Buchanan never understood, despite many explanations, that the child had an inability to swallow and she insisted on feeding the child in a manner contrary to medical instructions.  In March 2006, Buchanan stopped taking her medication, missed counseling sessions, and was noncompliant with services.  Despite efforts by the Department's staff, Buchanan had not attended individual counseling since February 2006, had not undergone a substance abuse evaluation, had inadequate housing, was unemployed, had not attended general parenting classes, and had not attended parenting classes for a special needs child.  The record contains descriptions of the specialized care the child requires.

At the termination hearing, Buchanan testified she had been living with the child's father.  At the time of the termination hearing, the father was incarcerated for assaulting Buchanan.  A judge had earlier terminated the father's parental rights, and he did not appeal that ruling.

ANALYSIS

Buchanan contends she wants to care for the child and needs additional time to comply with the Department's requirements.

Code § 16.1-283(C)(2) requires proof, by clear and convincing evidence that (a) the termination is in the best interests of the child, (b) "reasonable and appropriate" services have been offered to help the parent "remedy substantially the conditions which led to or required continuation of the child's foster care placement," and, (c) despite those services, the parent has failed, "without good cause," to remedy those conditions "within a reasonable amount of time

- 3 -

not to exceed twelve months from the date the child was placed in foster care." Under well established principles, "[t]he trial court's judgment, 'when based on evidence heard *ore tenus*, will not be disturbed on appeal, unless plainly wrong or without evidence to support it.'" Logan, 13 Va. App. at 128, 409 S.E.2d at 463 (quoting Peple v. Peple, 5 Va. App. 414, 422, 364 S.E.2d 232, 237 (1988)).

In this case, the Department presented clear and convincing evidence that it provided reasonable and appropriate services to Buchanan and that, despite those services, she failed to remedy the conditions within a reasonable amount of time from the date the child was placed in foster care. Although Buchanan completed a psychological evaluation, she failed to complete a substance abuse evaluation, she failed to attend individual counseling, she lacked adequate housing for the child's special needs, she failed to attend parent training for a special needs child, and she was repeatedly noncompliant with therapies for her psychological needs. Despite the Department's assistance for approximately twenty months, Buchanan was unable to show any progress in meeting the child's needs. "It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his responsibilities." Kaywood v. Halifax County Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).

Accordingly, we affirm the order terminating Buchanan's residual parental rights pursuant to Code § 16.1-283(C)(2).

Affirmed.