COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Beales and Senior Judge Fitzpatrick

AMANDA NAPPER

MEMORANDUM OPINION[*]

v.     Record No. 0260-08-2      PER CURIAM
                                 JUNE 24, 2008

PETERSBURG DEPARTMENT OF
   SOCIAL SERVICES

FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
Pamela S. Baskervill, Judge

(Linda M.H. Tomlin; Tomlin & McKeen, PLLC, on brief), for appellant.
Appellant submitting on brief.

(Joan M. O'Donnell; J. Wicker Traylor, Guardian *ad litem* for the infant
child; Christopher B. Ackerman, Guardian *ad litem* for appellant, on brief),
for appellee. Appellee and Guardians *ad litem* submitting on brief.

Amanda Napper appeals the termination of her residual parental rights to her child pursuant to Code

§ 16.1-283(B)(2)(a). Napper argues the Petersburg Department of Social Services (DSS) failed to provide

her with rehabilitative services. We disagree and affirm.

BACKGROUND

We view the evidence in the light most favorable to the prevailing party below and grant to it all

reasonable inferences fairly deducible therefrom. See Logan v. Fairfax County Dep't of Human Dev.,

13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991). So viewed, the evidence proved that the child was

born on July 3, 2007 and DSS took custody of the child after Child Protective Services (CPS) received a

complaint from a nurse concerning Napper's ability to care for the newborn. A CPS employee inspected

Napper's residence and found that it was unsafe and unhealthy for the newborn. On July 11, 2007, DSS

obtained a removal order based upon the following facts: "[Napper] has a history of substance abuse

and mental health issues, [Napper] has older children who are not in her custody, [and] the conditions in

[Napper's] home were unfit for human habitation." Dr. Michelle Nelson evaluated Napper and determined Napper had an impaired ability to report, interpret and respond to medical issues and she had a form of mental illness that severely impaired her ability to care for the child. Dr. Nelson testified that Napper had a long history of traumatic sexual abuse, a history of auditory hallucinations, and an underlying personality disorder. According to Dr. Nelson, Napper's personality disorder makes it difficult for her to accurately interpret information and communications from others. In Dr. Nelson's opinion, Napper would not respond to traditional treatment for her mental disorders. The initial goal of the foster care plan was adoption and DSS did not offer Napper any rehabilitative services.

ANALYSIS

Code § 16.1-283(B)(2)(a) provides that the residual parental rights of a parent of a child found by the court to be neglected or abused and placed in foster care may be terminated if clear and convincing evidence proves that it is in the best interests of the child and that:

> 2. It is not reasonably likely that the conditions which resulted in such neglect or abuse can be substantially corrected or eliminated so as to allow the child's safe return to his parent or parents within a reasonable period of time. In making this determination, the court shall take into consideration the efforts made to rehabilitate the parent or parents by any public or private social, medical, mental health or other rehabilitative agencies prior to the child's initial placement in foster care.
> Proof of any of the following shall constitute prima facie evidence of the conditions set forth in subdivision B 2 hereof:
> a. The parent or parents are suffering from a mental or emotional illness or mental deficiency of such severity that there is no reasonable expectation that such parent will be able to undertake responsibility for the care needed by the child in accordance with his age and stage of development . . . .

"Code § 16.1-283(B) requires only that the circuit court consider whether rehabilitation services, if any, have been provided to a parent. Nothing in Code § 16.1-283 or the larger statutory scheme requires that such services be provided in all cases as a prerequisite to termination under subsection B." Toms v. Hanover Dep't of Social Servs., 46 Va. App. 257, 268, 616 S.E.2d 765, 771 (2005).

---

\* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The trial judge's findings, "'when based on evidence heard *ore tenus*, will not be disturbed on appeal unless plainly wrong or without evidence to support it.'" Logan, 13 Va. App. at 128, 409 S.E.2d at 463 (quoting Peple v. Peple, 5 Va. App. 414, 422, 364 S.E.2d 232, 237 (1988)).

Based upon the circumstances of the case and Dr. Nelson's evaluation, the trial court determined that DSS presented clear and convincing evidence it was not reasonably likely that the conditions which resulted in the neglect or abuse of the child could be substantially corrected or eliminated. Termination pursuant to Code § 16.1-283(B) only requires that the trial court consider whether any rehabilitative services were provided to Napper. There was no requirement that DSS provide rehabilitative services to Napper.

Accordingly, the trial court's decision terminating Napper's parental rights pursuant to Code § 16.1-283(B)(2)(a) is affirmed.

Affirmed.