COURT OF APPEALS OF VIRGINIA


Present: Judges Humphreys, Powell and Senior Judge Clements


VELMA SHANTE CHAMBERS AYERS

                                                          MEMORANDUM OPINION*
v.      Record No. 1469-09-2                                    PER CURIAM
                                                             DECEMBER 1, 2009
BUCKINGHAM COUNTY
  DEPARTMENT OF SOCIAL SERVICES


                    FROM THE CIRCUIT COURT OF BUCKINGHAM COUNTY
                                  Richard S. Blanton, Judge

                    (Daniel L. Rutherford, on brief), for appellant.

                    (E. M. Wright, Jr.; Jody H. Fariss, Guardian *ad litem* for the minor
                    child, on brief), for appellee.


        Velma Shante Chambers Ayers, appellant, appeals a decision of the trial court approving a

permanency planning order with a goal of adoption and terminating her residual parental rights. On

appeal, she contends the evidence was insufficient to support the trial court's decision. Upon

reviewing the record and briefs of the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

        We view the evidence in the light most favorable to the prevailing party below and grant to

it all reasonable inferences fairly deducible therefrom. See Logan v. Fairfax County Dep't of

Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991).

        Code § 16.1-283(C)(2) requires clear and convincing evidence that termination is in the best

interests of the child and that

                the parent . . . without good cause, ha[s] been unwilling or unable
                within a reasonable period of time not to exceed twelve months

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement, notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to such end.

The child was born on June 30, 2007 with a respiratory illness. On July 9, 2007, the child's doctor contacted the Department of Social Services (DSS) when the child missed a follow-up medical appointment related to his condition. In September 2007, DSS investigated a complaint related to the child, and, in December 2007, the complaint was founded for medical neglect and inadequate physical care. In June 2008, DSS received information that appellant had stabbed her boyfriend while the child was present in the same residence. DSS assumed custody of the child and placed him in foster care. A complaint was founded for physical abuse, physical neglect, and medical neglect. During the investigation of the incident, appellant tested positive for illegal drug use.

Prior to the involvement of DSS, the child was residing in a trailer that had no running water, no heat, several broken windows, and no indoor plumbing. The child was found abused and neglected on July 22, 2008, and DSS developed a foster care service plan with the goal of return to home. As part of the plan, appellant was to: (1) demonstrate appropriate and emotional bonding with the child, including visitation; (2) participate in an attachment evaluation; (3) participate in rehabilitative services; (4) participate in substance abuse and psychological evaluations; (5) participate in a home study; (6) establish healthy living conditions, including maintaining a job, having adequate housing, and having adequate finances; and (6) cooperate with DSS.

At a hearing held on April 23, 2009, a foster care worker testified that appellant failed to complete most of the foster care plan requirements. Although appellant attended the majority of the scheduled visitations with the child, she did not attempt to bond with him during the visits. In addition, appellant attended some counseling sessions with a licensed clinical social worker and she

achieved some financial stability. At one point, water and electrical services were connected to her residence. However, the licensed clinical social worker testified that the household had not become stable. Appellant refused to provide DSS with her contact information, and she sought no assistance from DSS in order to use services offered to her by DSS. Appellant was not employed, but she received disability payments.

The trial court found that appellant failed to: (1) complete the attachment assessment; (2) avail herself of any rehabilitative services; (3) eliminate risks to the child that were present; (4) seek substance abuse and psychological evaluations; (5) complete the home study; (6) establish healthy living conditions; and (7) cooperate with DSS. The trial court also noted that appellant had made only two telephone calls to DSS within a four-to-five-month time period and that when she finally met with DSS personnel to discuss the service plan, she became agitated and walked out of the meeting.

The trial court approved the change in goal of the permanency planning order to adoption, and it terminated appellant's residual parental rights pursuant to Code § 16.1-283(B) and 16.1-283(C)(2). Appellant appealed the trial court's decision to this Court.

"On review, '[a] trial court is presumed to have thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests.'" Fields v. Dinwiddie County Dep't of Soc. Servs., 46 Va. App. 1, 7, 614 S.E.2d 656, 659 (2005) (quoting Farley v. Farley, 9 Va. App. 326, 329, 387 S.E.2d 794, 796 (1990)). The trial court's findings, "'when based on evidence heard *ore tenus*, will not be disturbed on appeal unless plainly wrong or without evidence to support it.'" Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991) (quoting Peple v. Peple, 5 Va. App. 414, 422, 364 S.E.2d 232, 237 (1988)). "In matters of a child's welfare, trial courts are vested with broad

discretion in making the decisions necessary to guard and to foster a child's best interests." Farley, 9 Va. App. at 328, 387 S.E.2d at 795.

While appellant participated in some of the foster care plan requirements and services, the evidence clearly proved that she has been unwilling or unable to remedy substantially the conditions which led to or required the continuation of the child's foster care placement during the period in which she has been offered rehabilitation services. "It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming [her] responsibilities." Kaywood v. Halifax County Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).

The record supports the trial court's decision to approve the goal of adoption in the permanency planning order. In addition, the record supports the trial court's finding that the evidence proved by clear and convincing evidence that appellant's parental rights to the child should be terminated and that the termination of appellant's parental rights is in the child's best interests. Code § 16.1-283(C)(2). Accordingly, we summarily affirm the decision of the trial court.[1]

Affirmed.

---

[1] The trial court also terminated appellant's parental rights pursuant to Code § 16.1-283(B). When a trial court's judgment is made on alternative grounds, we need only consider whether any one of the alternatives is sufficient to sustain the judgment of the trial court and, if we so find, need not address the other grounds. See Fields, 46 Va. App. at 8, 614 S.E.2d at 659 (termination of parental rights upheld under one subsection of Code § 16.1-283 forecloses need to consider termination under alternative subsections).