COURT OF APPEALS OF VIRGINIA

Present: Judges Russell, AtLee and Senior Judge Haley

UNPUBLISHED

ANITA SIMMS

MEMORANDUM OPINION*

v.     Record No. 1357-19-4

PER CURIAM

FEBRUARY 4, 2020

ALEXANDRIA DEPARTMENT OF
 COMMUNITY AND HUMAN SERVICES

FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
James C. Clark, Judge

(Douglas A. Steinberg, on brief), for appellant.

(Joanna C. Anderson; Jill A. Schaub; Matthew W. Greene; Office of
the City Attorney; Greene Law Group PLLC, on brief), for appellee.

(Devanshi Patel; Patel Law, PLLC, on brief), Guardian *ad litem* for
the minor child.


Anita Simms (mother) appeals an order terminating her parental rights to her child. Mother

argues that the circuit court erred by finding that it was in the best interests of the child to terminate

her parental rights. She also argues that the circuit court erred by combining the petitions for abuse

and neglect, foster care review, and termination of parental rights into one hearing. Upon

reviewing the record and briefs of the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the circuit court. See Rule 5A:27.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND[1]

"On appeal from the termination of parental rights, this Court is required to review the evidence in the light most favorable to the party prevailing in the circuit court." Yafi v. Stafford Dep't of Soc. Servs., 69 Va. App. 539, 550-51 (2018) (quoting Thach v. Arlington Cty. Dep't of Human Servs., 63 Va. App. 157, 168 (2014)).

Mother and Aaron Wilson (father) are the biological parents to the child who is the subject of this appeal.[2] While mother was pregnant with the child, she tested positive for Phencyclidine (PCP) twice and for opiates once. After the child was born in June 2018, the Alexandria Department of Community and Human Services (the Department) became involved with the family due to allegations of physical neglect. Mother would not cooperate with the Department's family assessment. Although mother admitted to using PCP while she was pregnant, she refused any drug tests after the child was born and would not allow the child to be tested. Mother later agreed to have the child's meconium tested, which was negative for all substances.

The Department was aware that mother's parental rights had been terminated previously to two other children. In addition, mother had a history of mental illness, substance abuse, and

---

[1] The record in this case was sealed. Nevertheless, the appeal necessitates unsealing relevant portions of the record to resolve the issues appellant has raised. Evidence and factual findings below that are necessary to address the assignments of error are included in this opinion. Consequently, "[t]o the extent that this opinion mentions facts found in the sealed record, we unseal only those specific facts, finding them relevant to the decision in this case. The remainder of the previously sealed record remains sealed." Levick v. MacDougall, 294 Va. 283, 288 n.1 (2017).

[2] The circuit court dismissed father's appeals because he failed to timely appeal the matters from the City of Alexandria Juvenile and Domestic Relations District Court.

aggressive behavior.[3]  Due to the Department's concerns about mother's history, it sought an

emergency removal order and a preliminary child protective order from the City of Alexandria

Juvenile and Domestic Relations District Court (the JDR court).  The JDR court entered the

emergency removal and preliminary child protective orders in June 2018, and subsequently

adjudicated that the child was abused or neglected and entered a dispositional order on August

10, 2018.  Mother appealed the JDR court ruling.

While the child was in foster care, the Department referred mother to individual therapy

and assisted her with housing.  The Department also scheduled weekly supervised visitation,

which mother regularly attended.  In November 2018, the Department informed the JDR court of

its intention to file a petition to terminate mother's parental rights because of mother's history.

On March 1, 2019, the JDR court terminated mother's parental rights and approved the foster

care goal of adoption.  Mother appealed the JDR court rulings.

The parties appeared before the circuit court on May 17, 2019.  At the beginning of the

hearing, the Department moved to consolidate mother's three appeals so that it could "proceed

forward with one hearing."[4]  Mother did not object to the Department's motion.

The parties stipulated that in September 2017, the circuit court terminated mother's

parental rights to two of the child's half-siblings.[5]  During the termination proceeding, mother

participated in a psychological evaluation and parental capacity assessment, and the Department

---

[3] The child who is the subject of this appeal is mother's fifth child.  Mother's two oldest children had lived with relatives, but the oldest child, who was an adult at the time of the circuit court hearing, was living with mother again.  In September 2017, the circuit court had terminated mother's parental rights to her other two children.  At the time of the circuit court hearing, mother was pregnant with twins but was not receiving regular prenatal care.

[4] Before the circuit court hearing, the Department had filed a written motion to consolidate the cases.

[5] See Simms v. Alexandria Dep't of Cmty. & Human Servs., No. 1852-17-4 (Va. Ct. App. Apr. 24, 2018).

- 3 -

offered into evidence, without objection, a copy of the report. The psychologist diagnosed mother with severe PCP addiction, Bipolar I disorder, and "Other Specified Personality Disorder (mixed personality traits)." The psychologist opined that mother's mental health and substance abuse issues impacted "her functioning" and that she had inadequate coping skills, which affected her decision making. The psychologist further found that mother presented with "a level of risk for future child neglect."

The Department expressed concern about mother's history of substance abuse and mental illness. Although mother tried to explain that she had a prescription when she tested positive for opiates while pregnant with the child, she admitted to taking PCP. Mother stated that she took the PCP to cope with a family tragedy and later checked herself into residential treatment. Mother testified that she had not used PCP since February 2018, but she tested positive for PCP again on April 3, 2019. Mother could not explain the positive test results, and the parties stipulated that she had tested negative twice while the foster care matter was pending in the JDR court. Mother admitted that she stopped seeing her substance abuse counselor a few days before the circuit court hearing and that she was not attending AA or NA meetings.

Mother sought help for her mental illness at Gracey's Vision, which provided her with therapy and transportation. Mother had a history of being noncompliant with her medication. Mother admitted that she did not take her prescribed medication in the fall of 2018, when her Medicare had lapsed. At the time of the hearing, she stated that she was taking her prescribed medication.

The Department presented evidence that the child was healthy and doing well in his adoptive placement with his maternal great aunt. Although mother expressed a desire to care for the child, she had never informed the Department of her plans for medical care or daycare if granted custody. The Department was unaware of whether mother had sufficient income from

her social security checks to support the child financially. Mother was not working at the time of the circuit court hearing, but indicated that she was looking for a job.[6] Mother testified that she received social security income and worked some "little side jobs" on the weekend, which she believed was sufficient to care for the child.

After hearing all of the evidence and arguments, the circuit court found that the child was abused and neglected. The circuit court terminated mother's parental rights under Code § 16.1-283(E)(i) and approved the foster care goal of adoption. On May 17, 2019, the circuit court entered orders memorializing its rulings. This appeal followed.

ANALYSIS

*Termination of parental rights*

Mother argues that the circuit court erred by terminating her parental rights under Code § 16.1-283(E)(i). "On review, '[a] trial court is presumed to have thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests.'" Castillo v. Loudoun Cty. Dep't of Family Servs., 68 Va. App. 547, 558 (2018) (quoting Logan v. Fairfax Cty. Dep't of Human Dev., 13 Va. App. 123, 128 (1991)). "Where, as here, the court hears the evidence *ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Fauquier Cty. Dep't of Soc. Servs. v. Ridgeway, 59 Va. App. 185, 190 (2011) (quoting Martin v. Pittsylvania Cty. Dep't of Soc. Servs., 3 Va. App. 15, 20 (1986)).

A parent's parental rights may be terminated "if the court finds, based upon clear and convincing evidence, that it is in the best interests of the child and that (i) the residual parental rights of the parent regarding a sibling of the child have previously been involuntarily

_____

[6] Mother was employed from October 2018 until January 2019, doing seasonal work.

terminated . . . ." Code § 16.1-283(E)(i). Mother concedes that her parental rights to two of the child's half-siblings had been involuntarily terminated.

Mother argues that the circuit court erred by finding that it was in the best interests of the child to terminate her parental rights. Mother emphasizes "the primacy of the parent-child relationship" and that the child was removed from her care after birth. She contends that the circuit court should not terminate her parental rights before she had "custodial time with the child that can be reviewed."

"'[T]here is no simple, mechanical, cut and dried way' to apply the best interests of the child standard." Bristol Dep't of Soc. Servs. v. Welch, 64 Va. App. 34, 48 (2014) (quoting Peple v. Peple, 5 Va. App. 414, 422 (1988)). "Instead, 'the question must be resolved . . . in light of the facts of each case.'" Id. (quoting Toombs v. Lynchburg Div. of Soc. Servs., 223 Va. 225, 230 (1982)).

In making its decision, the circuit court considered mother's history of mental illness and substance abuse, particularly her recent positive drug tests, as well as the fact that it had terminated her parental rights to two of the child's half-siblings within the last twenty-four months. The circuit court found that mother "just doesn't have the tools to do what she needs to do for the children. . . . And it'd be easier if she wasn't so convinced that she had the tools, and she would just accept some help and maybe things could be different."

The Department presented evidence that the child had been in foster care for approximately eleven months and was doing well in an adoptive home with his maternal great aunt. While the child was in foster care, mother had not been compliant with her medication and had stopped seeing her substance abuse counselor. Mother was unemployed and had not communicated with the Department her plans for the child's medical care or daycare, if she were awarded custody of the child. "It is clearly not in the best interests of a child to spend a lengthy

period of time waiting to find out when, or even if, a parent will be capable of resuming his [or her] responsibilities." Tackett v. Arlington Cty. Dep't of Human Servs., 62 Va. App. 296, 322 (2013) (quoting Kaywood v. Halifax Cty. Dep't of Soc. Servs., 10 Va. App. 535, 540 (1990)). Contrary to mother's arguments, the circuit court did not err in terminating her parental rights under Code § 16.1-283(E)(i) and finding that termination of her parental rights was in the best interests of the child.

*Consolidated hearing*

Mother argues that the circuit court erred when it held one evidentiary hearing on the three appeals. The record establishes that at the beginning of the circuit court hearing, the Department moved to consolidate mother's appeals concerning the Department's petitions for abuse and neglect, foster care review, and termination of parental rights, so that it could "proceed forward with one hearing." When the circuit court inquired whether mother objected to the Department's motion, she replied, "No."

"A litigant is estopped from taking a position which is inconsistent with one previously assumed . . . in the course of litigation for the same cause of action . . . ." Farrell v. Warren Cty. Dep't of Soc. Servs., 59 Va. App. 375, 414 (2012) (quoting Burch v. Grace St. Bldg. Corp., 168 Va. 329, 340 (1937)); see also Bethea v. Commonwealth, 297 Va. 730, 753 n.9 (2019) ("A litigant cannot be permitted to 'approbate and reprobate' by 'disavow[ing] on appeal the very argument [he] made at trial' because 'a litigant may not take successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory.'" (quoting Babcock & Wilcox Co. v. Areva NP, Inc., 292 Va. 165, 204 (2016))). Accordingly, we decline to consider mother's argument because she may not approbate and reprobate by agreeing to the Department's manner of proceeding during the trial and then objecting to the same manner of proceeding on appeal.

## CONCLUSION

For the foregoing reasons, the circuit court's ruling is summarily affirmed.  Rule 5A:27.

<u>Affirmed.</u>