COURT OF APPEALS OF VIRGINIA


Present:    Judges Frank, McClanahan and Senior Judge Willis


MELVIN SPROUSE

MEMORANDUM OPINION*

v.        Record No. 1329-06-2                                  PER CURIAM
                                                                MARCH 6, 2007

ORANGE COUNTY DEPARTMENT
  OF SOCIAL SERVICES


FROM THE CIRCUIT COURT OF ORANGE COUNTY
Daniel R. Bouton, Judge

(Christian A. Brashear, on brief), for appellant.  Appellant
submitting on brief.

(Robert F. Beard; Michael J. Hallahan, II, Guardian *ad litem*, for the
minor child, on brief), for appellee.  Appellee and Guardian *ad
litem* submitting on brief.


Melvin Sprouse appeals the trial court's decision terminating his residual parental rights to

his minor son, D.M., pursuant to Code § 16.1-283(C)(1) and 16.1-283(C)(2).  Finding no error, we

affirm.

We view the evidence in the light most favorable to the prevailing party below and grant

to it all reasonable inferences fairly deducible therefrom.  See Logan v. Fairfax County Dep't of

Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991).  "'[T]ermination of [residual]

parental rights is a grave, drastic and irreversible action.'"  Helen W. v. Fairfax County Dep't of

Human Dev., 12 Va. App. 877, 883, 407 S.E.2d 25, 28-29 (1991) (quoting Lowe v. Dept. of Pub.

Welfare of the City of Richmond, 231 Va. 277, 280, 343 S.E.2d 70, 72 (1986)).  When

considering termination of a parent's residual parental rights to a child, "the paramount

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

consideration of a trial court is the child's best interests." Logan, 13 Va. App. at 128, 409 S.E.2d at 463. On review, "[a] trial court is presumed to have thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests." Farley v. Farley, 9 Va. App. 326, 329, 387 S.E.2d 794, 795 (1990). "The trial court's judgment, 'when based on evidence heard *ore tenus*, will not be disturbed on appeal unless plainly wrong or without evidence to support it.'" Logan, 13 Va. App. at 128, 409 S.E.2d at 463 (quoting Peple v. Peple, 5 Va. App. 414, 422, 364 S.E.2d 232, 237 (1988)).

In light of these standards, and based upon our review of the record (including the trial court's findings as reflected in its April 27, 2006 order for involuntary termination of residual parental rights, the written statement of facts, and the trial court's written additions to the record made in accordance with Rule 5A:8), we conclude that the trial court's decision finding that there was clear and convincing evidence to support termination of Sprouse's residual parental rights to D.M. under Code § 16.1-283(C)(1) and 16.1-283(C)(2), as being in the child's best interests, was not plainly wrong or without evidence to support it. Accordingly, we affirm the trial court's decision.

Affirmed.