COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Beales and Powell


SADIA COVINGTON

                                                      MEMORANDUM OPINION[*]
v.       Record No. 1834-08-3                              PER CURIAM
                                                      DECEMBER 9, 2008
LYNCHBURG DEPARTMENT OF
  SOCIAL SERVICES


            FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                         Mosby G. Perrow, III, Judge

          (Dion F. Richardson, on brief), for appellant.

          (Susan L. Hartman, Assistant City Attorney; Killis T. Howard,
          Guardian *ad litem* for the infant child, on brief), for appellee.


        Sadia Covington appeals the termination of her residual parental rights to her child, J.C.,

pursuant to Code § 16.1-283(C)(2).  Covington argues it was not in J.C.'s best interests to terminate

her rights because she participated in mental health counseling, she maintained a stable living

environment, she maintained employment, and she adequately cares for her second child.  Upon

reviewing the record and briefs of the parties, we conclude this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

        We view the evidence in the light most favorable to the prevailing party below and grant

to it all reasonable inferences fairly deducible therefrom.  See Logan v. Fairfax County Dep't of

Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991).

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Code § 16.1-283(C)(2) provides, in pertinent part, that

> The residual parental rights of a parent . . . of a child placed in foster care . . . may be terminated if the court finds . . . that is in the best interests of the child and that:
>
>     *     *     *     *     *     *     *
>
> The parent or parents, without good cause, have been unwilling or unable within a reasonable period of time not to exceed twelve months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement, notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to such end.

The trial judge's findings, "'when based on evidence heard *ore tenus*, will not be disturbed on appeal unless plainly wrong or without evidence to support it.'" Logan, 13 Va. App. at 128, 409 S.E.2d at 463 (quoting Peple v. Peple, 5 Va. App. 414, 422, 364 S.E.2d 232, 237 (1988)). "When we review a trial judge's decision concerning the best interests of children and parental rights, we presume the 'trial court . . . thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests.'" Richmond Dep't of Soc. Servs. v. Crawley, 47 Va. App. 572, 580, 625 S.E.2d 670, 674 (2006) (quoting Farley v. Farley, 9 Va. App. 326, 329, 387 S.E.2d 794, 796 (1990)).

> In determining what is in the best interests of the child, a court must evaluate and consider many factors, including the age and physical and mental condition of the child or children; the age and physical and mental condition of the parents; the relationship existing between each parent and each child; the needs of the child or children; the role which each parent has played, and will play in the future, in the upbringing and care of the child or children; and such other factors as are necessary in determining the best interests of the child or children.

Barkey v. Commonwealth, 2 Va. App. 662, 668, 347 S.E.2d 188, 191 (1986).

The Lynchburg Department of Social Services (DSS) presented clear and convincing evidence that it was in the best interests of J.C. to terminate Covington's parental rights. DSS took custody of J.C. in November 2005 because Covington's mother asked DSS to take custody

of Covington, who was then seventeen years old, and no relative could care for J.C., who was then fifteen months old. DSS offered Covington services and counseling, but after Covington turned eighteen years old, she refused further services and she left a structured independent living residence. During a five-month period, Covington lived in thirteen places. She became pregnant with Jermaine Tucker's child then moved in with Gayle Tucker, Jermaine Tucker's mother. Jermaine Tucker accompanied Covington on her visits with J.C. and his interaction with J.C. was inappropriate, but Covington did nothing to protect J.C. because she did not realize that his interactions were inappropriate. Gayle Tucker attended a visitation with Covington, but she did not interact with J.C. At the time of the termination hearing, Covington's plan was to continue living with Gayle Tucker.

Covington had individual parenting classes with Patricia Kimble, director of Family Preservation Services, but Kimble discontinued the classes after approximately four months because Covington was not responsive to her recommendations and she felt it was not an effective use of resources. Based upon two examinations, Dr. James Anderson, a psychologist, found that Covington showed an immature, dependent, and emotionally unstable personality makeup. Although Covington testified that since September 2007 she attended weekly mental health counseling sessions, she was unable to give the full name and address of her counselor. Kimble recommended that Covington go into an independent living program and receive individual counseling to learn to set boundaries with other people in order to protect J.C. At the time of the termination hearing, there was no evidence Covington had addressed the mental health and dependency issues raised by Dr. Anderson and Kimble.

Also at the time of the termination hearing in April 2008, J.C. had been in DSS's custody since November 2005 and Covington's plan to care for J.C. was to rely upon Gayle Tucker. Although Covington testified her relationship with Jermaine Tucker was over, she had a child

with him and planned to continue to live with Gayle Tucker. At the time of the termination hearing, Covington had been out of foster care and living on her own for approximately two years, but she had not taken any meaningful steps to obtain her GED and she had not obtained full-time employment. Although Covington may be raising her second child (Jermaine Tucker's child), she failed to make a reasonable and stable plan to care for J.C. J.C. was doing well in foster care and has been with a stable family for the nearly three years he has been in DSS's custody. "It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his responsibilities." Kaywood v. Halifax County Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).

The record supports the trial court's finding that DSS presented clear and convincing evidence establishing that the termination of Covington's residual parental rights was in the child's best interests. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

Affirmed.