UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present:   Judges Petty, Chafin and Senior Judge Annunziata


VELMA SHANTE CHAMBERS AYRES

                                                          MEMORANDUM OPINION[*]
v.       Record No. 0206-14-2                                 PER CURIAM
                                                             JULY 22, 2014
CUMBERLAND COUNTY DEPARTMENT
 OF SOCIAL SERVICES


           FROM THE CIRCUIT COURT OF CUMBERLAND COUNTY
                        Kimberley S. White, Judge

          (Daniel L. Rutherford, on brief), for appellant.

          (E. M. Wright, Jr.; Jody H. Fariss, Guardian *ad litem* for the minor
          child, on brief), for appellee.


     Velma Shante Chambers Ayres (mother) appeals the trial court's order terminating her

parental rights to her child pursuant to Code § 16.1-283(B), 16.1-283(C) and Code 16.1-283(E)(i).

On appeal of this decision, mother challenges the sufficiency of the evidence to support the

termination.   Upon reviewing the record and briefs of the parties, we conclude this appeal is

without merit.   Accordingly, we summarily affirm the decision of the circuit court. See Rule 5A:27.

          The residual parental rights of a parent or parents of a child
          who is in the custody of a local board or licensed child-placing
          agency may be terminated by the court if the court finds, based
          upon clear and convincing evidence, that it is in the best interests
          of the child and that (i) the residual parental rights of the parent
          regarding a sibling of the child have previously been involuntarily
          terminated . . . .

Code § 16.1-283(E).

          Like a termination under Code § 16.1-283(C)(2), a termination
          pursuant to Code § 16.1-283(E)(i) must be based upon clear and

_____
     [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

convincing evidence that the action is in the best interests of the child. In addition, the trial court must find the parent's rights to a sibling of the child previously had been terminated. Thus, under Code § 16.1-283(E)(i), the finding of the prior termination substitutes for a finding that the parent had failed to remedy the conditions leading to the child's foster care placement.

Fields v. Dinwiddie Cnty. Dep't of Soc. Servs., 46 Va. App. 1, 8, 614 S.E.2d 656, 659 (2005)

(citations and footnote omitted).

In determining what is in the best interests of the child, a court must evaluate and consider many factors, including the age and physical and mental condition of the child or children; the age and physical and mental condition of the parents; the relationship existing between each parent and each child; the needs of the child or children; the role which each parent has played, and will play in the future, in the upbringing and care of the child or children; and such other factors as are necessary in determining the best interests of the child or children.

Barkey v. Commonwealth, 2 Va. App. 662, 668, 347 S.E.2d 188, 191 (1986).

"'In matters of a child's welfare, trial courts are vested with broad discretion in making the decisions necessary to guard and to foster a child's best interests.'" Logan v. Fairfax Cnty. Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991) (quoting Farley v. Farley, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990)). The trial court's judgment, "when based on evidence heard *ore tenus*, will not be disturbed on appeal unless plainly wrong or without evidence to support it." Peple v. Peple, 5 Va. App. 414, 422, 364 S.E.2d 232, 237 (1988).

Mother's child was born on January 24, 2013. Mother's parental rights to three other children were involuntarily terminated in 2009, 2010, and 2011. Despite services from the Cumberland County Department of Social Services (CDSS), mother was unable to obtain stable housing and a stable support system. Mother failed to address mental health issues, and she failed to complete required counseling. In addition, mother did not sign a release form allowing CDSS to communicate with the counseling service, resulting in a suspension of visitation between mother

and the child. At the time of the trial court hearing, mother had not seen the one-year-old child in ten months.

"It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his [or her] responsibilities." Kaywood v. Halifax Cnty. Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990). CDSS presented clear and convincing evidence that it was in the child's best interests to terminate mother's parental rights pursuant to Code § 16.1-283(E)(i). Because the trial court did not err in terminating mother's parental rights pursuant to Code § 16.1-283(E)(i), we need not consider whether the evidence sufficiently supported a termination pursuant to Code § 16.1-283(B) and 16.1-283(C). Fields, 46 Va. App. at 8, 614 S.E.2d at 659.

Accordingly, the decision of the trial court is summarily affirmed. See Rule 5A:27.

                                                                    Affirmed.